FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 APR 23  PM 12 01

STEPHAN HARRIS, CLERK
CHEYENNE

Kate M. Fox
Wyoming State Bar #5-2646
DAVIS & CANNON, LLP
422 W. 26th Street
Post Office Box 43
Cheyenne, WY  82003
307-634-3210
307-778-7118 (Fax)
Email: kate@davisandcannonchey.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Federal Deposit Insurance Corporation, as Receiver for Bank of Wyoming, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13CV 89-F |
| Brian Yarrington, Mark W. Birkle, Vivian Butchart, James D. Kirsch, Morgan Larson, James V. Wilson, and Willard V. Wilson, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Bank of Wyoming ("FDIC-R") by its attorneys Davis & Cannon, LLP, for its Complaint alleges as follows:

1.     The FDIC is an instrumentality of the United States of America, established under the Federal Deposit Insurance Act, 12 U.S.C. §§ 1811-1833(e), with its principal place of business in Washington, D.C.  12 U.S.C. § 1821(d).  Among other things, the function of the

14427558.1

FDIC is to insure the deposits of all banks and savings associations which are entitled to the benefits of insurance under Federal law.  12 U.S.C. § 1811(a).

2.      Bank of Wyoming ("BOW" or "Bank") was a nonmember bank chartered by the State of Wyoming, established in 1978 as the First State Bank of Thermopolis.

3.      Pursuant to 12 U.S.C. § 1821(c), upon the failure of BOW on July 10, 2009, the FDIC was appointed as Receiver.  In this capacity, the FDIC succeeded to all rights, titles, and privileges of BOW and its depositors, account holders, creditors, and stockholders.  12 U.S.C. 1821(d)(2)(A)(1).

4.      Defendant Brian Yarrington at all relevant times was Chief Executive Officer of BOW.

5.      Defendant Willard Wilson at all relevant times was Chairman of BOW's Board of Directors.

6.      Defendant James Wilson was a member of BOW's Board of Directors from 2002 until the Bank was closed by the State of Wyoming, Department of Audit on July 10, 2009.

7.      Defendant Morgan Larson was a member of BOW's Board of Directors from 2005 until the Bank was closed by the State of Wyoming, Department of Audit on July 10, 2009, and was President of the Casper branch of BOW.

8.      Defendant James Kirsch was a member of the BOW's Board of Directors from 1984 until the Bank was closed by the State of Wyoming, Department of Audit on July 10, 2009.

9.      Defendant Vivian Burkhart was BOW's Vice President, Cashier, Compliance Officer and a member of the BOW's Board of Directors from 2004 until the Bank was closed by the State of Wyoming, Department of Audit on July 10, 2009.

10.      Defendant Mark Birkle at all relevant times was Vice President of Lending for BOW.

11.      This Court has jurisdiction over cases brought by FDIC-R pursuant to 12 U.S.C. § 1819(b)(2)(A) and 28 U.S.C. § 1345.

12.      Venue is proper in the District of Wyoming pursuant to 28 U.S.C. § 1391(b)(2).

### Background

13.      Around 2004, BOW embarked upon an aggressive growth strategy which centered on Commercial Real Estate ("CRE") loans, often made to out-of-area borrowers.

14.      To fuel this growth, the Bank launched into a large scale participation program through Northland Securities, a loan broker located in Minneapolis, Minnesota. Despite the fact the loans were all out-of-area, at the time of booking BOW often took on lead bank status, becoming responsible for servicing the loans after participation interests in such loans had been sold to other banks.

15.      Birkle was the originating loan officer on the Northland participations.

16.      BOW also purchased a number of loan participations from Marshall Group, Inc., another broker/lender based in Minneapolis, Minnesota, which was affiliated with Marshall Bank, N.A. Marshall Bank, N.A. failed on January 29, 2010. The Marshall loans were also outside BOW's primary trade area and were often for the purpose of acquiring land for future

3

development. Repayment was typically to come from a take-out construction loan, yet the construction lenders were rarely in place when the loans were made.

17.     BOW's directors and officers, including Birkle, Butchart, Kirsch, Yarrington, Larsen, James Wilson and Willard Wilson, routinely failed to perform basic analyses of loan applications, exceeded supervisory guidance on permitted loan to value ("LTV") ratios, repeatedly violated the Bank's loan policy, failed to follow FDIC rules and regulations for obtaining, reviewing and approving real estate appraisals, extended credit or renewed credit without appropriate controls over construction financing, extended and renewed credit without obtaining complete and current financial information, over-relied on borrower net worth without considering a borrower's liquidity, failed to properly analyze repayment sources, and failed to properly monitor economic conditions in the areas in which it was lending.

18.     BOW's directors and officers, including Birkle, Butchart, Kirsch, Yarrington, Larsen, James Wilson and Willard Wilson, failed to address repeated examiner warnings as to the risks posed by its concentration in out-of-area CRE and Acquisition, Development and Construction loans, as well as its poor credit and monitoring practices.

19.     As early as March 21, 2005, regulators in the State of Wyoming Division of Banking Report of Examination ("RoE"), warned BOW's Board of a decline in asset quality. Total loans had grown 85% since the previous exam while the level of adversely classified assets had grown 144% in the same timeframe.

20.     Bank examiner reports in the following years were increasingly alarming, noting an increased decline in asset quality with an increased risk of exposure.

21.    In a joint RoE dated June 18, 2007, the Bank's composite CAMELS rating was dropped from 2 to 3, as a result of "a significant decline in asset quality and an increase in risk exposure in the loan portfolio."

22.    On September 27, 2007, the Board entered into a Joint Memorandum of Understanding ("MOU") with the FDIC and the Wyoming Division of Banking to correct deficiencies identified in the June 18, 2007 RoE.

23.    As of the April 28, 2008, FDIC examination, the Board was in compliance with only five of the thirteen provisions of the MOU.  Adversely classified assets had increased by 252 percent, representing 127 percent of Tier 1 capital.  Further, both the Bank's Allowance for Loan and Lease Losses and past due loans exceeded the Bank's peer group by almost two and one-half times.

24.    On October 28, 2008, a joint FDIC/State of Wyoming Cease and Desist Order was issued.

25.    By the March 2009 joint examination, the condition of BOW had "deteriorated significantly to a critically deficient state that represented an imminent threat to its viability."

26.    BOW was closed on July 10, 2009 by the State of Wyoming, Department of Audit, Division of Banking, which appointed the FDIC as receiver.

27.    FDIC-R has all the rights, privileges, power and authority of Receiver under 12 U.S.C. § 1823(d)(3).  In addition, upon the Bank's failure, the FDIC-R succeeded to all the rights, titles, powers and privileges of the Bank and its depositors, account holders, creditors, and stockholders. 12 U.S.C. § 1821(d)(2)(A).

28.     The parties have entered into a February 11, 2013, Settlement and Release Agreement, Assignment and Covenant not to Execute (Exhibit 1), pursuant to which Defendants have agreed to a Confession of Judgment in the amount of $2,500,000, and assignment of their claims against their Directors' and Officers' Insurance Policy carrier, BancInsure, among other things.   The settlement and release is not effective unless FDIC is in receipt of a Confessed Judgment.   The entry of a confessed judgment is authorized by Wyoming statute.   Wyo. Stat. § 1-16-201.

## Count I
## Negligence of all Defendants

29.     Plaintiff adopts and incorporates the allegations in Paragraphs 1 to 28 above as if fully set forth herein.

30.     Defendants Birkle, Butchart, Kirsch, Yarrington, Larsen, James Wilson and Willard Wilson, as officers and directors of BOW, had the duties to ensure the Bank's compliance with BOW by-laws, BOW loan policies, applicable laws, regulatory authorities, and safe, sound and prudent banking principles.

31.     Defendants breached these duties, causing damages in the amount of $6,928,985 to the FDIC-R.

32.     Defendants are liable in their individual capacities to FDIC-R for the damages sustained as a result of their negligence.   Wyo. Stat. § 13-2-404.

## Count II
## Gross Negligence of All Defendants

33.     Plaintiff adopts and incorporates the allegations in Paragraphs 1 to 32 above as if fully set forth herein.

34.     Defendants Birkle, Butchart, Kirsch, Yarrington, Larsen, James Wilson and Willard Wilson, as officers and directors of BOW, acted with indifference to their legal duties as Directors and Officers of BOW, with utter forgetfulness of their legal obligations so far as other persons may be affected, and with heedless and palpable violation of legal duty with respect to the rights of others.

35.     Defendants are personally liable to FDIC-R for the damages sustained as a result of their gross negligence.

## Count III
## Breach of Fiduciary Duty

36.     Plaintiff adopts and incorporates the allegations in Paragraphs 1 to 35 above as if fully set forth herein.

37.     Defendants Birkle, Butchart, Kirsch, Yarrington, Larsen, James Wilson and Willard Wilson, as officers and directors of BOW, breached their fiduciary duties by failing to discharge their duties in good faith and with the care an ordinarily prudent person in a like position would exercise under similar circumstances, or in a manner they reasonably believed to be in, or at least not opposed to, the best interests of the Bank.

38.     Defendants are liable in their individual capacities to FDIC-R for the damages as a result of such breach of duty.

WHEREFORE, pursuant to the Settlement and Release Agreement entered into on February 11, 2013, Plaintiff FDIC respectfully requests this Court enter judgment as follows:

a.     Against all Defendants jointly and severally in the amount of $2,500,000.00; and

b.     For such other and further relief as the Court deems appropriate.

Dated this _____ 23rd _____ day of  April, 2013.

                              DAVIS & CANNON, LLP

                              Kate M. Fox /a4g
                              Kate M. Fox
                              Wyoming State Bar #5-2646
                              DAVIS & CANNON, LLP
                              422 W. 26th Street
                              Post Office Box 43
                              Cheyenne, WY  82003
                              307-634-3210
                              307-778-7118 (Fax)
                              Email: kate@davisandcannonchey.com